IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD CANCILLA,

      Plaintiff,

v.                                                                                          No. 1:21-cv-766 BRB/KRS

NATIONAL TECHNOLOGY AND
ENGINEERING SOLUTIONS OF SANDIA, LLC,

      Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendant's Motion for Protective Order From Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), (Doc. 41), filed July 7, 2022.  Defendant seeks a protective order relating to a deposition scheduled for July 25, 2022.  Pursuant to the Court's expedited briefing schedule, Plaintiff filed a response on July 14, 2022, and Defendant filed a reply on July 18, 2022.  (Docs. 44 and 45).  Having considered the parties' briefing, the record of the case, and relevant law, the Court GRANTS in part and DENIES in part Defendant's Motion for Protective Order, (Doc. 41).

**I.**     **Background**

Plaintiff alleges that Defendant violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4335 ("USERRA"), by failing to return Plaintiff to return to work following his military leave of absence.  (Doc. 1).  Plaintiff has noticed a Rule 30(b)(6) deposition for July 25, 2022, and Defendant objects to three topics in that notice and seeks a protective order shielding its 30(b)(6) witness from testifying about those topics. (Doc. 41) at 2.  Specifically, Defendant objects to the following topics:

1. Topic 2, which requests Defendant to identify an individual who can provide testimony that "(a) confirms that Defendant is a federal government contractor, (b) describes the nature of work Defendant does on behalf of the federal government, (c)

>generally states what percentage of Defendant's business is derived from federal government contractors, (d) the amount of money Defendant receives each year from the federal government, and (e) the obligations, if any, Defendant has in order to prevent discrimination and/or retaliation in the workplace as a condition of receiving federal funds;"
>
>2. Topic 5, which requests Defendant to identify an individual "with knowledge of the steps Defendant takes when it is informed of the possibility that it violated any federal statute that relates to employment, i.e. the ADA, USERRA, ADEA, and/or the FMLA;" and
>
>3. Topic 9, which requests Defendant to identify an individual with knowledge "of whether (during the January 1, 2013 - December 1, 2021 timeframe) any person who either (a) supervised Mr. Cancilla and/or (b) provided Human Resources support received any training specifically related to USERRA, and if the answer is 'yes' then identify (a) the names of those individuals, (b) the date(s) of such training, (c) the identity of the person(s) who provided that training, and (d) the substance of the training as it relates to USERRA."

(Doc. 41-1). Defendant argues that the information sought in Topics 2 and 5 is not reasonably calculated to lead to the discovery of admissible evidence, that Topic 5 seeks privileged work product, and that Topic 9 is cumulative and duplicative of Defendant's previous interrogatory response. (Doc. 41) at 5-8. In response, Plaintiff argues that the topics all seek relevant information and denies that it seeks any privileged information. (Doc. 44 at 2-5). Plaintiff further argues that Defendant's interrogatory response did not fully answer Topic 9, so the topic is proper and Defendant's Motion for Protective Order should be denied as to all three topics. *Id.* at 5-6.

## II.     **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in

2

evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017). "For good cause," the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). Such an order is within the trial court's discretion, and may include a broad range of relief, including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

Under Rule 30(b)(6), a party may name an entity as a deponent and "describe with reasonable particularity the matters for examination" of that entity. Fed. R. Civ. P. 30(b)(6). The entity must then designate one or more persons to testify on its behalf. *Id.* "The [entity] must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know." *Peshlakai v. Ruiz*, 2014 WL 459650, at *25 (D.N.M.).

### III. Discussion

#### A. Topic 2

Defendant first objects to Topic 2, which requests Defendant to identify an individual who can confirm that Defendant is a federal government contractor, describe the nature of work Defendant does on behalf of the federal government, state what percentage of Defendant's business is derived from federal government contractors and the amount of money Defendant receives each year from the federal government, and describe Defendant's obligations to prevent discrimination and/or retaliation in the workplace as a condition of receiving federal funds. (Doc. 41-1). Defendant states there is no dispute that it is subject to the provisions of USERRA, and the nature of Defendant's work for the federal government, percentage of business derived from contractors, and amount of money received from the federal government are irrelevant to any party's claim or defense. (Doc. 41) at 5. Plaintiff responds that this information is necessary to educate the jury on who Defendant is and what Defendant does, and to demonstrate Defendant's knowledge of its obligation to comply with USERRA's re-employment provisions. (Doc. 44) at 2-3.

Plaintiff fails to adequately explain why it needs Rule 30(b)(6) testimony about this general information about Defendant's work with the federal government. While Plaintiff relies on cases holding that entities receiving federal funds must comply with federal laws and regulations, the parties do not dispute that Defendant contracts with the federal government or that Defendant is subject to the provisions of USERRA. *See* (Doc. 41) at 5; (Doc. 44) at 3; (Doc. 45) at 2-3. Moreover, as Defendant explains, general information about Defendant's work for the federal government and with contractors is publicly available on Defendant's website. (Doc. 45) at 2. For these reasons, the Court grants Defendant's Motion for Protective Order as to Topic 2.

## B. Topic 5

Topic 5 seeks an individual "with knowledge of the steps Defendant takes when it is informed of the possibility that it violated any federal statute that relates to employment, i.e. the ADA, USERRA, ADEA, and/or the FMLA." (Doc. 41-1). Defendant states that Plaintiff did not complain that Defendant violated the USERRA at any time during his employment with Defendant; instead, Defendant learned of Plaintiff's allegation when it received a demand letter from Plaintiff's attorneys. (Doc. 41) at 6. Therefore, Defendant's response to the demand letter was led by Defendant's attorneys and any information about its response is privileged work product and irrelevant to determining any claim or defense. *Id.*

Plaintiff responds that it seeks this information to "educate the jury on (a) how Sandia goes about investigating allegations that it may have violated federal employment law; and (b) whether Sandia followed its general investigative process in Mr. Cancilla's case." (Doc. 44) at 4. Plaintiff alleges he contacted the Employer Support for Guard and Reserves ("ESGR") in October 2017, and a representative from ESGR contacted Defendant's human resources employee Robert Franco, but Mr. Franco took no action following that call to reinstate Plaintiff's employment. *Id.* at 4-5. In its reply, Defendant argues that nothing in Mr. Franco's testimony supports Plaintiff's theory that Mr. Franco was aware that Plaintiff made allegations of violations of any employment laws during his employment. (Doc. 45) at 4-5.

The Court finds that the information sought in Topic 5 is not sufficiently relevant to any party's claim or defense. Plaintiff seeks information about Defendant's practice to investigate allegations of employment law violations, but Plaintiff fails to demonstrate that he made such an allegation during his employment with Defendant. While Plaintiff argues that the call by the ESGR representative to Mr. Franco establishes such an allegation, this is not supported by Mr. Franco's deposition testimony. Instead, Mr. Franco acknowledged receiving a call "from

5

someone" about Plaintiff but he did not know who the person was and did not recall that the person mentioned USERRA. (Doc. 45-2) at 6-13. Plaintiff also fails to provide support for allowing testimony in relation to employment laws other than USERRA, since none of those employment laws are at issue. Accordingly, the Court finds that Topic 5 is overly broad and seeks irrelevant information and grants Defendant's Motion for Protective Order as to this topic.

### C. Topic 9

Finally, Defendant moves for a protective order for Topic 9, which seeks an individual with knowledge "of whether (during the January 1, 2013 - December 1, 2021 timeframe) any person who either (a) supervised Mr. Cancilla and/or (b) provided Human Resources support received any training specifically related to USERRA, and if the answer is 'yes' then identify (a) the names of those individuals, (b) the date(s) of such training, (c) the identity of the person(s) who provided that training, and (d) the substance of the training as it relates to USERRA." (Doc. 41-1). Defendant argues this Topic is duplicative of Interrogatory No. 13, which sought the same information. (Doc. 41) at 7. Defendant states that it provided a response to Interrogatory No. 13 and Plaintiff has questioned Mr. Neiser, one of Defendant's 30(b)(6) deponents, about his training on USERRA. *Id.* Plaintiff, however, argues that Defendant did not fully respond to Interrogatory No. 13 because it did not state what training Sandia human resources employees received on USERRA. (Doc. 44) at 5. Moreover, Plaintiff contends that he needs deposition testimony on Topic 9 to ensure the information can be properly put into evidence. *Id.* at 6.

In response to Interrogatory No. 13, Defendant stated that Mr. Neiser took a course called Managing Within the Law on four dates, and provided a copy of the course materials used in 2020, which discuss USERRA. (Doc. 41-5) at 16. This does not fully answer Topic 9 as it does not state whether any person who supervised Plaintiff or provided human resources support received training specifically related to USERRA. While Defendant argues that Mr. Franco

6

provided information covering this topic in his deposition, the deposition testimony provided to the Court does not fully answer Interrogatory No. 13 or cover the issues raised in Topic 9. *See* (Doc. 45-2) at 5 (Mr. Franco stating that every manager who works at Sandia has to take the Managing Within the Law class). The Court finds that it is proper for Plaintiff inquire about this topic in a Rule 30(b)(6) deposition and will deny Defendant's Motion for Protective Order as to Topic 9.

For the reasons stated above, the Court grants Defendant's Motion for Protective Order as to Topics 2 and 5, and denies the motion as to Topic 9. In Defendant's reply brief, it states that it may need to identify additional 30(b)(6) deponents if its Motion for Protective Order is denied, and may need an extension of the July 25, 2022 discovery deadline. The Court encourages Defendant to provide a deponent who can testify about Topic 9 at the already-scheduled July 25, 2022 deposition. If that is not possible, the Court encourages the parties to work together to find an additional deposition date as quickly as possible that will not interfere with the other deadlines set in this case. If necessary, the Court will consider a motion to extend the discovery deadline if the parties cannot agree to an extension.

IT IS THEREFORE ORDERED that Defendant's Second Motion to Compel, (Doc. 51), is GRANTED as to Topics 2 and 5 and DENIED as to Topic 9.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE